UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD GORDON,<br><br>        Plaintiff,<br><br>   v.<br><br>VEGA, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00607-DAD-EPG (PC)<br><br>CORRECTED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

       Jarrod Gordon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

       On June 17, 2020, the Court issued findings and recommendations, recommending that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute and failure to comply with a court order. (ECF No. 5). However, those findings and recommendations were issued prior to the expiration of Plaintiff's deadline to respond to the Court's order requiring Plaintiff to pay the filing fee or submit an application to proceed in forma pauperis.[1] Additionally, those findings and recommendations stated that Plaintiff is incarcerated, but based on the address listed in Plaintiff's complaint (ECF No. 1, p. 1), as well as a search of the inmate locator provided by the California Department of Corrections and Rehabilitation

---

[1] Federal Rule of Civil Procedure 6(d) provides that, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) …, 3 days are added after the period would otherwise expire under Rule 6(a)."

(https://inmatelocator.cdcr.ca.gov), it appears that Plaintiff is no longer incarcerated. Accordingly, the Court issues these corrected findings and recommendations.

Plaintiff filed the complaint commencing this action on April 29, 2020 (ECF No. 1), but he did not pay the filing fee or file an application to proceed in forma pauperis. Accordingly, on April 30, 2020, the Court gave Plaintiff forty-five days to either pay the filing fee or submit an application to proceed in forma pauperis. (ECF No. 3). The Court warned Plaintiff that "**[f]ailure to comply with this order will result in dismissal of this action.**" (Id. at 1).

The forty-five-day deadline has expired, and Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis. Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, Plaintiff's failure to pay the filing fee or file an application to proceed in forma pauperis, despite being ordered to do so by the Court, is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to follow this Court's order and failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to pay the filing fee, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 19, 2020**                         /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE